**[Cite as *State v. Ewing*, 2020-Ohio-44.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28391 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3567 |
| | : | |
| ALEXANDER EWING | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of January, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Alexander Ewing appeals from his conviction in the Montgomery County Court of Common Pleas following his plea of guilty to two counts of felonious assault, an attendant firearm specification, and one count of discharge of a firearm on or near prohibited premises. Specifically, Ewing challenges his 11-year prison sentence; he alleges that his sentence is contrary to the statutory sentencing factors. Our review reveals that the sentence is not contrary to the law and is supported by the record. Therefore, the judgment of the trial court is affirmed.

## I. Facts and Procedural Background

{¶ 2} On September 6, 2018, Ewing was working at a gas station located on Main Street in Dayton. During Ewing's shift, Aric Ringer entered the store and began taunting Ewing, who was working behind the checkout counter.[1] Ewing and Ringer had engaged in a verbal argument for several minutes when another customer, Carl Milliner, entered the store and went to the coffee machine. Eventually, Ringer reached across the counter and slapped Ewing. At this point, Ewing retrieved a gun that was hidden on his person and began firing at Ringer. Ringer was shot multiple times before he ran out of the store. During the shooting, Milliner was grazed by a bullet. Ewing followed Ringer outside and continued to fire at him. Ringer was shot in the back. Ringer ran across Main Street to the parking lot of another store. Ewing did not cross the street, but he stood at the edge of the street and continued to fire at Ringer. Ringer was shot in the arm. Ewing hid the gun and fled the scene.

---

[1] According to the State's brief, Ringer's girlfriend and Ewing were in a previous relationship and have a child as the result of that relationship.

{¶ 3} Following an investigation, Ewing was indicted on two counts of felonious assault (serious physical harm) in violation of R.C. 2903.11(A)(1), two counts of felonious assault (deadly weapon) in violation of R.C. 2903.11(A)(2), one count of discharge of a firearm on or near prohibited premises (physical harm) in violation of R.C. 2923.162(A)(3)/(C)(3), one count of tampering with evidence (alter/destroy) in violation of R.C. 2921.12(A)(1), and one count of carrying a concealed weapon (loaded/ready at hand) in violation of R.C. 2923.12(A)(2). The four felonious assault counts carried attendant firearm specifications.

{¶ 4} Following plea negotiations, Ewing entered a plea of guilty to two counts of felonious assault and one count of discharge of a firearm at or near prohibited premises. The plea also included one of the attendant firearm specifications. In exchange, the State dismissed the remaining counts and firearm specifications. The parties did not reach an agreement as to sentencing other than an agreement to a minimum sentence of eight years. Following a sentencing hearing, the trial court sentenced Ewing to eight-year prison terms on each count, to be served concurrently. The trial court also sentenced Ewing to a three-year prison term for the firearm specification, to be served consecutively to the eight-year sentence, for an aggregate sentence of 11 years.

{¶ 5} Ewing appeals.

## II.    Analysis

{¶ 6} Ewing's sole assignment of error is as follows:

THE TRIAL COURT FAILED TO ADEQUATELY CONSIDER THE SENTENCING STATUTES PURSUANT TO ORC 2929.11-2929.12,

ABUSING ITS DISCRETION IN SENTENCING APPELLANT.

{¶ 7} Ewing contends that the trial court abused its discretion in sentencing because it failed to consider the relevant statutory factors.

{¶ 8} In reviewing felony sentences, appellate courts must apply the standard of review found in R.C. 2953.08(G)(2), not an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9-10. Under *Marcum*, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support the sentence or (2) that the sentence imposed is contrary to law. *Marcum* at ¶ 1.

{¶ 9} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 9.

{¶ 10} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to

the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 11} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each list five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. This court has recognized that the statutory seriousness and recidivism factors are not exclusive as a trial court may also consider facts related to charges dismissed under the terms of a plea agreement. *State v. Wiles*, 2d Dist. Clark No. 2017-CA-69, 2018-Ohio-3077, ¶ 19.

{¶ 12} Ewing claims that the trial court abused its discretion because it did not find his offenses less serious even though the record clearly demonstrates that he was remorseful and that he did not instigate the events leading to the shooting.

{¶ 13} The trial court explicitly stated that that it had considered the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and the "objective to use the minimum sanctions to accomplish those purposes * * *." Tr. p. 21. Further, contrary to Ewing's claim, the trial court specifically recognized the fact that Ringer instigated the incident by provoking Ewing. R.C. 2929.12(C)(1) and (2). Turning to Ewing's primary assertion that the trial court did not properly consider his remorsefulness, we note that, other than defense counsel's statement that Ewing felt remorse, especially for injuring Milliner, there is no other reference in the record to such remorsefulness. When the trial court asked if there was anything that Ewing wanted to say during sentencing, Ewing merely replied, "Nothing that

will affect your decision." Tr. p. 20. Thus, we cannot conclude that the record demonstrates that Ewing "show[ed] genuine remorse" for his conduct. R.C. 2929.12(E)(5).

{¶ 14} Importantly, R.C. 2929.12(A) also provides that a trial court "may consider any other factors that are relevant to achieving [the] purposes and principles of sentencing." The record indicates that the trial court reviewed a videotape of the offenses and that the trial court gave great weight to Ewing's excessive reaction and conduct during the commission of the offenses. During sentencing, the trial court stated:

> [I understand that Ringer taunted you] and I understand how that could upset you; but the lengths that you went to - - I mean, that's just - - it can't cut it. You pull a gun out, reach over the top of somebody, shooting at [Ringer]. Hit him two or three times then. He starts running out [of] the store, [you keep] firing a gun at him and miss him on one of them, hit a bystander. That injury was just a graze I understand. But then still, he's running away, and you're chasing him. I watched the video. You're chasing him across the gas station parking lot and still firing at him, and from what I understand, hit him. So you must have been a pretty good shot, but hit him maybe when he was even across Main Street. * * * I understand that the victim in this case doesn't present as perhaps the best witness. And I watched the video of him in there, mouthing off and all that. Unfortunately, for me, you know, that's just - - there's just no excuse to bring a gun out and start shooting somebody. He's had three surgeries. He's still got injury [sic]."

Tr. p. 20-21.

{¶ 15} The record supports a finding that Ewing's reaction was excessive and extremely violent, resulting in severe injury to Ringer, and that he endangered people other than the two victims. During the shooting, Ewing injured Milliner, who was merely an innocent bystander and who had no part in instigating the offenses. Even after Ringer left the store, Ewing chased him and continued to fire his weapon. The record finally supports a finding that when Ewing was firing his gun across Main Street, there were passing cars placed in the line of fire.

{¶ 16} In short, Ewing's sentence is not contrary to law, and we cannot conclude, under the clear and convincing standard, that the sentence is not supported by the record. Accordingly, the sole assignment of error is overruled.

### III.    Conclusion

{¶ 17} Ewing's sole assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Thomas M. Kollin
Hon. Richard Skelton